Kody B. HOEPPNER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 52A04–0908–CR–494.

Court of Appeals of Indiana.

Dec. 29, 2009.

Stacy R. Uliana, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Wade James Hornbacher, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-defendant Kody Hoeppner appeals the sentence imposed by the trial

court after he pleaded guilty to Auto Theft,[1] a class D felony, Institutional Criminal Mischief,[2] a class C felony, and Arson,[3] a class D felony. Hoeppner argues that the trial court should have considered his youth as a mitigator and that the trial court erred by ordering consecutive sentences without first specifying a valid aggravator. Additionally, Hoeppner argues that a condition of probation requiring admissibility of lie detector results and specifying that a positive result constitutes a probation violation is invalid. Finding no error with respect to sentencing but finding that a part of the condition of probation should be struck and amended, we affirm in part, reverse in part, and remand with instructions.

## FACTS

On March 5, 2009, Hoeppner and Michael Smith were smoking marijuana and taking Klonopin pills at Smith's home in Miami County. Over the course of the evening, Hoeppner took over thirty Klonopin pills. The two men wanted cigarettes but did not have enough money, so they decided to steal change from unlocked cars. One of the vehicles they entered had the keys in it, so Hoeppner and Smith took it off-roading. The vehicle became stuck in the mud, and when the men were unable to free it, they set it on fire "to get rid of evidence, like fingerprints and stuff...." Sent. Tr. p. 26.

Hoeppner and Smith then found another vehicle with its keys in it. They stole that vehicle and drove it to a convenience store to purchase cigarettes, but were refused because they did not have identification. After driving around some more, they ended up at the community pool, where they

intentionally drove over a bike rack, a fence, and a light pole.

After leaving the pool, they drove onto the community golf course, damaging a putting green. The two men then drove toward the clubhouse, where they drove over a sign and damaged a planter, railing, and seat. They also drove around the clubhouse, striking and damaging at least seven golf carts. They were arrested while fleeing the golf course on foot. The total property damage resulting from this spree was over $24,000.

On March 11, 2009, the State charged Hoeppner with two counts of class D felony auto theft, two counts of class C felony institutional criminal mischief, and one count of class D felony arson. On June 29, 2009, Hoeppner pleaded guilty to one count of class D felony auto theft, one count of class C felony institutional mischief, and class D felony arson in exchange for the state's agreement to dismiss the remaining charges. The plea agreement contained a four-year cap on the executed portion of Hoeppner's sentence but otherwise left sentencing to the trial court's discretion.

At the July 27, 2009, sentencing hearing, the trial court declined to consider nineteen-year-old Hoeppner's age as a mitigating factor. It found his guilty plea as a mitigator and his pending guilty plea for possession of marijuana in a separate proceeding as an aggravator. The trial court found that the aggravator and mitigator were in equipoise, imposing a sentence of one and one-half years for auto theft, all suspended, four years for institutional criminal mischief, with one year suspended to probation, and one and one-half years for arson, all suspended to probation. The trial court then found an additional aggra-

---

1. Ind.Code § 35–43–4–2.5(b)(1).

2. I.C. § 35–43–1–2(b)(2).

3. I.C. § 35–43–1–1(d).

vator, namely, the fact that Hoeppner had an opportunity to end the crime spree after setting the first stolen vehicle on fire, but chose not to do so. The trial court found that this aggravator warranted an order that the arson sentence be served consecutively to the other two concurrent sentences. Thus, Hoeppner received an aggregate executed sentence of three years followed by two and one-half years of probation. Among Hoeppner's conditions of probation was the following provision:

> ... You shall submit to a lie detection test and/or alcohol and drug detection test equipment, as requested by your probation officer, to determine personal drug and/or alcohol use and your knowledge of drug trafficking.... Positive results in any of the above tests may be used against you in a court proceeding and will constitute a violation of your probation....

Appellant's App. p. 33. Hoeppner now appeals.

## DISCUSSION AND DECISION

### I. Sentence

#### A. Hoeppner's Youth as a Mitigator

■■■ Hoeppner first argues that the trial court abused its discretion by declining to consider his youth as a mitigating factor. In *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind.2007), *clarified on rehearing*, 875 N.E.2d 218 (2007), our Supreme Court held that trial courts are required to enter sentencing statements whenever imposing a sentence for a felony offense. We review sentencing decisions for an abuse of discretion. *Id.* A trial court may abuse its discretion by entering a sentencing statement that includes reasons for imposing a sentence not supported by the record, omits reasons clearly supported by the record, or includes reasons that are im-

proper as a matter of law. *Id.* at 490–91. We will conclude that the trial court overlooked a mitigator only when the record contains substantial evidence of a significant mitigating circumstance. *Creager v. State*, 737 N.E.2d 771, 782 (Ind.Ct.App. 2000).

Our Supreme Court has commented that "[a]ge is neither a statutory nor a per se mitigating factor," and "focusing on chronological age, while often a shorthand for measuring culpability, is frequently not the end of the inquiry for people in their teens and early twenties." *Monegan v. State*, 756 N.E.2d 499, 504 (Ind.2001). Here, Hoeppner was nineteen years old at the time of sentencing, which is beyond the age at which the law commands special treatment. *Id.*

Hoeppner voluntarily consumed marijuana and thirty Klonopin pills, proceeding to go on a crime spree that caused over $24,000 in property damage. A reasonable person could conclude that it was voluntary intoxication, rather than youth or naivete, that caused his criminal behavior. And although Hoeppner is not yet a hardened criminal, he has had multiple contacts with the criminal justice system so far in his relatively short life. At the time of sentencing, he had four juvenile referrals—two for runaway, one for theft, and one for resisting law enforcement—and a pending guilty plea for possession of marijuana. Although reasonable minds could differ as to the effect of Hoeppner's age on his culpability, we cannot say that this record presents substantial evidence of a significant mitigator that the trial court overlooked. Thus, we do not find that the trial court abused its discretion in this regard.

#### B. Consecutive Sentences

■■ Next, Hoeppner argues that the trial court erred by ordering that his arson sentence be served consecutively to the

sentences on his other two convictions. To impose consecutive sentences, the trial court must find at least one aggravating circumstance, and consecutive sentences are improper when aggravators and mitigators are in equipoise. *Marcum v. State,* 725 N.E.2d 852, 864 (Ind.2000).

Here, at the close of the sentencing hearing, the trial court initially found one aggravator—the pending guilty plea on the possession of marijuana charge—and one mitigator—his decision to plead guilty herein. Sent. Tr. p. 37. The trial court found the aggravator and mitigator to be in balance, proceeding to impose partially suspended, advisory terms on all three convictions. *See* Ind.Code § 35–50–2–6 (providing that the advisory term for a class C felony conviction is four years); I.C. § 35–50–2–7 (providing that the advisory term for a class D felony conviction is one and one-half years).

 In considering whether to order concurrent or consecutive terms, however, the trial court found an additional aggravator:

> I'm going to run [the arson sentence] consecutive because this was the first thing you guys did. You guys stole the truck [and] set it on fire. Could have gone home but decided to steal something else and carry on with your spree. I think this, my view, this is two totally distinct crimes.

Sent. Tr. p. 38. In effect, the trial court found the nature and circumstances of the crime—that Hoeppner had every opportunity to end his criminal actions after stealing the first vehicle and setting it on fire, but instead chose to commit multiple new crimes—as an aggravator supporting consecutive sentences. It is evident that, having found this additional aggravator, the trial court concluded that the two aggravators and one mitigator were no longer in equipoise, meaning that consecutive sentences were warranted and proper. We find that the trial court did not err in this regard, and affirm the award of consecutive sentences.[4]

## II. Condition of Probation

 Finally, Hoeppner argues that the trial court imposed a condition of probation that is improper as a matter of law. Probation is a criminal sanction wherein a convicted defendant specifically agrees to accept conditions upon his behavior in place of imprisonment. *Carswell v. State,* 721 N.E.2d 1255, 1258 (Ind.Ct.App.1999). Thus, probation is a conditional liberty dependent upon the observance of certain restrictions. *Id.* When granting probation, the trial court is vested with broad discretion in establishing conditions. *Id.* The only limitation placed on this discretion is that the conditions have a reasonable relationship to the treatment of the accused and the protection of the public. *Id.* But where a defendant contends that a probation condition is unduly intrusive on a constitutional right, the following three factors must be balanced: (1) the purpose sought to be served by probation; (2) the extent to which constitutional rights enjoyed by law abiding citizens should be afforded to probationers; and (3) the legitimate needs of law enforcement. *Id.*

---

4. We acknowledge that the trial court's written sentencing order states that it found no aggravators or mitigators. Appellant's App. p. 31. When oral and written sentencing statements conflict, we should examine them together to discern the intent of the sentencing court. *McElroy v. State,* 865 N.E.2d 584, 589 (Ind.2007). Having done so, we believe it apparent that the trial court's intent herein was to find two aggravators—the pending marijuana plea and the nature and circumstances of the crime—and one mitigator—Hoeppner's guilty plea.

The language of the condition of probation at issue herein is identical to that considered by the *Carswell* court:

> ... You shall submit to a lie detection test ... as requested by your probation officer, to determine personal drug and/or alcohol use and your knowledge of drug trafficking.... Positive results ... may be used against you in a court proceeding and will constitute a violation of your probation....

*Id.* at 1265; Appellant's App. p. 33. Although the *Carswell* court found a portion of this condition appropriate, it also struck part of it:

> Although a condition requiring Carswell to submit to a polygraph examination is appropriate, a trial court cannot "coerce a defendant to agree to the admissibility of evidence that otherwise would be inadmissible because it has not been found to be scientifically reliable." *Patton v. State,* 580 N.E.2d 693, 699 (Ind.Ct.App. 1991), *trans. denied.* Therefore, the results of the polygraph examination are not admissible in a subsequent court proceeding and this portion of the condition is stricken. *See id.* However, we note that said results are admissible in a probation revocation proceeding because a probation revocation hearing is not an adversarial criminal proceeding, but a civil matter which requires more flexible procedures. *See, e.g., Cox v. State,* 706 N.E.2d 547, 551 (Ind.1999), *reh'g denied* (holding that judges may consider any relevant evidence bearing some substantial indicia of reliability, including reliable hearsay, in a probation revocation hearing).

*Id.* at 1265–66.

As in *Carswell,* we find that the portion of the probation condition at issue herein providing that results of a polygraph examination are admissible in future court proceedings is impermissible and direct the trial court to strike this part of the condition. It is permissible, however, to require that Hoeppner submit to these examinations, the results of which may be used in future probation revocation proceedings. We acknowledge Hoeppner's concern that the clause seems to deprive him of due process rights by stating that positive results *will* constitute a probation violation, seemingly removing the State's obligation to prove that a violation has, in fact, occurred. *See* Ind.Code § 35–38–2–3(e) (providing that the State must prove a probation violation by a preponderance of the evidence).

Therefore, we remand with instructions to amend condition of probation thirteen to read as follows:

> You shall not use, possess, or be in the presence of any illegal drugs or controlled substances. Further, you shall not ingest any product containing Hemp. You shall submit to a lie detection test and/or alcohol and drug detection test equipment, as requested by your probation officer, to determine personal drug and/or alcohol use and your knowledge of drug trafficking. Further, you will submit to a blood, urine, or hair analysis within two hours of the time of request by your probation officer to determine the presence of alcohol, drugs, or controlled substances in your system. Positive results in any of the above tests *except for the lie detection test* may be used against you in a court proceeding and *may* constitute a violation of your probation. *Positive results in a lie detection test may be used against you in a probation revocation proceeding and may constitute a violation of your probation.* Where there is a cost involved for any of the above testing, you will be responsible for and obligated to pay the cost of such testing and you will not

tamper with or attempt to alter any of the tests.

(Emphasis added to altered portions of the condition.)

The judgment of the trial court is affirmed in part, reversed in part, and remanded with instructions.

BAILEY, J., and ROBB, J., concur.