**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KIMBERLY A. JACKSON**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| AUSTIN BROWN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 28A01-1112-CR-611 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE GREENE CIRCUIT COURT
The Honorable Erik C. Allen, Judge
Cause No. 28C01-1104-FC-115

**July 16, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

Austin Brown appeals the sentence imposed upon his two convictions of sexual misconduct with a minor, both Class C felonies. Ind. Code § 35-42-4-9 (2007). We affirm.

## ISSUES

Brown raises one issue, which we expand and restate as:

I.      Whether the trial court abused its discretion in identifying aggravating and mitigating factors.

II.     Whether Brown's sentence is inappropriate.

## FACTS AND PROCEDURAL HISTORY

From August 2010 through February 2011, Brown, who was eighteen at the time, spent every other weekend with his mother, stepfather, and two stepbrothers at their home in Linton, Indiana. His stepbrothers were fourteen and fifteen years of age. On multiple occasions during this period, Brown went into his stepbrothers' rooms at night and engaged in deviate sexual conduct with them. Specifically, he put his mouth on their penises. His stepbrothers' mother contacted the police when she learned of the molestations.

The State charged Brown with two counts of sexual misconduct with a minor, both as Class C felonies. The parties entered into a plea agreement, pursuant to which Brown pleaded guilty as charged. In exchange, the State agreed that Brown's aggregate executed sentence would not exceed twelve years. The trial court sentenced Brown to

four years on each count, with two years of each sentence suspended, to be served consecutively for an aggregate executed sentence of four years. This appeal followed.

## DISCUSSION AND DECISION

The State has failed to file an Appellee's Brief. When an appellee fails to submit a brief, an appellant may prevail by presenting a prima facie case of error. *Benefield v. State*, 945 N.E.2d 791, 796 (Ind. Ct. App. 2011). Prima facie error is error at first sight, on first appearance, or on the face of it. *Id*. Nonetheless, the burden of demonstrating trial court error remains with the appellant. *State v. Combs*, 921 N.E.2d 846, 850 (Ind. Ct. App. 2010).

## I. AGGRAVATING AND MITIGATING FACTORS

In general, sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*. A trial court abuses its discretion when it: (1) fails to enter a sentencing statement; (2) enters a sentencing statement that includes reasons that are unsupported by the record; (3) enters a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; or (4) enters a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91.

Brown argues that the trial court cited an aggravating factor that is unsupported by the evidence. Specifically, he contends that the trial court erroneously determined that

3

concurrent sentences would depreciate the seriousness of the offenses. We disagree. In its sentencing order, the trial court found only one aggravating factor, as follows:

> Each offense involved a separate and independent act with a separate victim. Permitting concurrent sentences would diminish the seriousness of the offenses and the impact on each of the individual victims, which supports the imposition of consecutive sentences. The Court gives substantial weight to the impact of the offense on each victim for the purpose of imposing consecutive sentences.

Appellant's App. p. 9. While it could have been more clearly stated, the trial court focused upon the fact that Brown molested multiple victims rather than any depreciation of the seriousness of Brown's crimes. The presence of multiple victims as an aggravating circumstance justifies the imposition of consecutive sentences. *Gilliam v. State*, 901 N.E.2d 72, 74 (Ind. Ct. App. 2009). Thus, we find no abuse of discretion. *See Upton v. State*, 904 N.E.2d 700, 703 (Ind. Ct. App. 2009) (asserting that the trial court properly identified the presence of multiple victims as justifying consecutive sentences despite the trial court's brief statement that the sentence should avoid "minimiz[ing] the significance of the [defendant's] horrendous acts"), *trans. denied*.

Next, Brown argues that the trial court overlooked significant mitigating factors that were advanced at sentencing and that he claims are supported by the record. It is well settled that a trial court is not obligated to weigh or credit a mitigating factor as the defendant suggests. *Lindsey v. State*, 877 N.E.2d 190, 198 (Ind. Ct. App. 2007), *trans. denied*.

Brown asserts that the trial court should have determined that his youth was a mitigating circumstance. Age is neither a statutory nor a per se mitigating factor.

4

*Hoeppner v. State*, 918 N.E.2d 695, 698 (Ind. Ct. App. 2009). Focusing on chronological age, while often a shorthand for measuring culpability, is frequently not the end of the inquiry for people in their teens and early twenties. *Id.* What really must be determined is whether the young offender is "clueless" or "hardened and purposeful." *Rose v. State*, 810 N.E.2d 361, 366 (Ind. Ct. App. 2004). Here, Brown was eighteen years old when he committed his crimes. Brown committed multiple acts of deviate sexual conduct upon both of his stepbrothers against their will. He had ample opportunity to end his criminal conduct but chose not to. Given his purposeful, repeated misconduct, the trial court did not abuse its discretion by failing to cite Brown's youth as a mitigating factor.

Brown further argues that the trial court should have cited his cooperation with police as a mitigating circumstance. However, Brown admitted to his crimes only after the police brought him in for questioning and told him about his stepbrothers' accusations. Therefore, his decision to cooperate could have been based on pragmatism rather than a desire to assist law enforcement, and we find no abuse of discretion. *See Smith v. State*, 929 N.E.2d 255, 259 (Ind. Ct. App. 2010) (determining that the trial court was not obligated to consider Smith's cooperation with the police as a mitigating factor because it could have been based on pragmatism), *trans. denied*.

Brown also states that the trial court should have found as a mitigating circumstance that his crimes were the result of circumstances that are unlikely to recur because there is no evidence that he contemplated sexual activity with anyone other than his stepbrothers. We disagree. Brown molested his stepbrothers over a span of several months, and, according to evidence submitted at sentencing, he demonstrates minimal

5

remorse for his crimes. Under these circumstances, we cannot say that he would not commit the same crime on others if given the opportunity, and thus the trial court did not abuse its discretion by failing to find that the crimes are the result of circumstances unlikely to recur. *See Hillenburg v. State*, 777 N.E.2d 99, 109 (Ind. Ct. App. 2002) (determining that the trial court properly rejected Hillenburg's claim that, because he had only molested his own daughter, he was not a threat to other children and the crime was unlikely to recur), *trans. denied*.

Finally, Brown contends that the lack of physical harm to the victims was a mitigating circumstance. We disagree. Brown already received some consideration for the lack of physical harm to his stepbrothers by being charged with Class C felony offenses rather than more severe offenses. *See* Ind. Code § 35-42-4-9 (stating that sexual misconduct with a minor is a Class A felony if the commission of the offense results in serious bodily injury to the victim). Furthermore, one of the stepbrothers testified that he felt unsafe around Brown to the point that he attempted to barricade his door at night, which is an indication of the emotional, if not physical, harm which Brown inflicted upon him. The trial court did not abuse its discretion by failing to find lack of physical harm to the victims as a mitigating factor.

In summary, with respect to the identification of aggravating and mitigating factors, Brown has failed to establish error on the face of the record.

## II. APPROPRIATENESS OF SENTENCE

Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent

6

appellate review and revision of a sentence imposed by the trial court. *Anglemyer*, 868 N.E.2d at 491. This discretionary authority is implemented through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In making this determination, we may look to any factors appearing in the record. *Calvert v. State*, 930 N.E.2d 633, 643 (Ind. Ct. App. 2010). The defendant has the burden of persuading the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

To assess the appropriateness of the sentence, we look first to the statutory range established for the class of the offenses. Here, the advisory sentence for a Class C felony is four years, the shortest sentence is two years, and the longest sentence is eight years. Ind. Code § 35-50-2-6 (2005). Brown received the advisory sentence for each conviction, with two years of each sentence suspended, to be served consecutively for an aggregate executed sentence of four years.

Our review here of the nature of the offenses shows that over a span of several months, Brown repeatedly entered his stepbrothers' rooms at night and placed his mouth on their penises. They told him to stop, and one of the victims attempted to barricade his door at night, to no avail. Brown points to the relatively small age difference between himself and his victims, asserting that if he had been "a few months younger," the sexual interaction would not have been illegal. Appellant's Br. p. 13. Brown was charged with C felonies, which appropriately reflects the age difference between him and his

7

stepbrothers. Had Brown been older than eighteen, or his victims younger than fourteen, he would have been charged with more severe felonies. The relative ages of Brown and his victims do not justify a reduction of his sentences below the advisory amount.

Our review here of the character of the offender shows that Brown has no criminal history, has a record of employment, and, until this case began, was attending college. However, these positive factors must be balanced against the attitude Brown expressed toward his crimes. Although Brown pleaded guilty, he later maintained that his conduct with his stepbrothers was consensual. Furthermore, Brown's counselor indicated that Brown did not exhibit remorse for what he had done and was not willing to address his judgment on sexual issues. We cannot conclude that advisory sentences were inappropriate based on Brown's character. Therefore, he has failed to persuade us that his sentence is inappropriate. *See Gellenbeck v. State*, 918 N.E.2d 706, 713-14 (Ind. Ct. App. 2009) (determining that consecutive, advisory sentences for multiple convictions of child seduction were not inappropriate, despite Gellenbeck's good character, due to the ongoing nature of the crimes).

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

RILEY, J., and VAIDIK, J., concur.

8