**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 30 2014, 10:03 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD E.C. LEICHT**
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WALTER L. LOGAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A04-1311-CR-581 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD CIRCUIT COURT
The Honorable Lynn Murray, Judge
Cause No. 34C01-1212-MR-236

**June 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Walter L. Logan appeals his twenty-eight-year aggregate sentence for Class C felony reckless homicide[1] and Class B felony possession of cocaine.[2] He asserts the court abused its discretion when analyzing mitigating and aggravating factors and his sentence is inappropriate. We affirm.

## FACTS AND PROCEDURAL HISTORY

On December 1, 2012, R.W. contacted the Kokomo Police Department (KPD) to report her son, A.S., was missing and she had not seen him since November 8, 2012. Before R.W. contacted police, she had received multiple calls from Dan Wagner, who claimed to know where A.S. was, but he wanted a reward for disclosing A.S.'s whereabouts. After investigating, KPD determined A.S. might be at Logan's residence. When KPD officers arrived at Logan's residence, Logan told them, "I've been waiting for you." (App. at 31.) Logan let the officers inside, led them to the basement, and reported A.S. was in a freezer. KPD recovered A.S.'s remains, which had been in an unplugged freezer for almost a month.

Logan knew A.S. for about two years. On the night A.S. died, they had been drinking, using cocaine, and having sex. Logan duct-taped A.S.'s hands and feet, placed duct tape over A.S.'s mouth and nose, and then fell asleep. When Logan awoke the next morning, he removed the duct tape and put A.S. in his bed. After napping again, Logan checked on A.S. and determined he was dead. Logan then put A.S.'s body in the freezer and put a brick on top of the freezer to conceal the odor.

---

[1] Ind. Code § 35-42-1-5.
[2] Ind. Code § 35-48-4-6(b)(2)(B).

The State charged Logan with Class C felony reckless homicide, Class C felony criminal confinement,[3] Class B felony possession of cocaine, and two counts of murder.[4] Logan pled guilty to Class C felony reckless homicide and Class B felony possession of cocaine. After a sentencing hearing, the court identified remorse as the only possible mitigating factor, but found Logan's remorse was not genuine. The court identified the following aggravating factors: the present offense involved cocaine when Logan had a prior felony conviction of cocaine possession, the severity of the crime, and Logan hid the body for almost a month. The trial court sentenced Logan to eight years for reckless homicide and twenty years for possession of cocaine, and then it ordered Logan to serve the sentences consecutively in the Department of Correction.

## DISCUSSION AND DECISION

1. <u>Determination of Mitigating and Aggravating Factors</u>

The trial court did not abuse its discretion when determining the aggravating and mitigating factors. Sentencing decisions are within the sound discretion of the trial court and are reviewed for abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). A court abuses its discretion only where its decision is clearly against the logic and effect of the facts and circumstances before the court. *Runyon v. State*, 939 N.E.2d 613, 618 (Ind. 2010). A court may impose any sentence authorized by statute "regardless of the presence or absence of aggravating circumstances or

---

[3] Ind. Code § 35-42-3-3.
[4] Ind. Code § 35-42-1-1.

3

mitigating circumstances," Ind. Code § 35-38-1-7.1(d), but if a sentence other than the advisory is imposed, the record must state the factors considered in enhancing or reducing the sentence. *Sensback v. State*, 720 N.E.2d 1160, 1163 (Ind. 1999).

Logan argues the trial court failed to consider his guilty plea and his remorse as mitigating factors. The trial court is not obligated to "weigh or credit facts proffered as mitigating by the defendant in the way that the defendant suggests they should be weighed or credited." *Heyen v. State*, 936 N.E.2d 294, 304-05 (Ind. Ct. App. 2010). Nevertheless, the trial court abuses its discretion if it fails to acknowledge significant mitigators that are clearly supported by the record. *Anglemeyer*, 868 N.E.2d at 490-91.

When a defendant received a substantial benefit from a plea agreement, a guilty plea may not be a significant mitigator. *Sensback*, 720 N.E.2d at 1165. As originally charged, Logan could have been sentenced to ninety-three years. *See* Ind. Code § 35-50-2-3 (maximum sentence for murder is sixty-five years); Ind. Code § 35-50-2-5 (maximum sentence for Class B felony possession of cocaine is twenty years); Ind. Code § 35-50-2-6 (maximum sentence for Class C felony criminal confinement is eight years). His agreement to plead guilty to reckless homicide and possession of cocaine reduced his maximum possible sentence to twenty-eight years. Therefore, Logan substantially benefitted from the plea, and the trial court was not obliged to consider the guilty plea a significant mitigator. *See Wells v. State*, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005) (holding the trial court is not required to give significant mitigating weight to a defendant's guilty plea if it is pragmatic), *trans. denied.*

4

As to Logan's remorse, "[t]he trial court possesses the ability to directly observe a defendant and can best determine whether a defendant's remorse is genuine." *Phelps v. State*, 969 N.E.2d 1009, 1020 (Ind. Ct. App. 2012), *trans. denied*. The trial court determined Logan's remorse was not genuine and did not give it any mitigating weight. We give "[s]ubstantial deference . . . to the trial court's evaluation of a defendant's remorse." *Id*. Without evidence of impermissible considerations by the trial court, we accept its determination of credibility. *Pickens v. State*, 767 N.E.2d 530, 535 (Ind. 2002). Therefore, Logan's argument is an invitation for us to judge his credibility, which we cannot do. *See id.*

Logan also asserts the court gave too much aggravating weight to his prior cocaine conviction when it ordered him to serve twenty years for this cocaine conviction. A defendant's criminal history is a valid aggravating factor. *Field v. State*, 843 N.E.2d 1008, 1011 (Ind. Ct. App. 2006), *trans. denied*. "The relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse." *Anglemeyer*, 868 N.E.2d at 491. Thus we cannot hold the trial court abused its discretion here.

Finally, Logan argues the court abused its discretion when sentencing him to consecutive terms. To order consecutive sentences, "the trial court must find at least one aggravating circumstance." *Hoeppner v. State*, 918 N.E.2d 695, 699 (Ind. Ct. App. 2009). In addition to Logan's criminal history, the court found the nature of the offense to be an aggravator. Logan does not challenge that aggravator. "One valid aggravator alone is enough to enhance a sentence or to impose it consecutive to another sentence. Moreover, the

5

same factor may be used both to enhance a presumptive sentence and to justify consecutive sentences." *Gleason v. State*, 965 N.E.2d 702, 712 (Ind. Ct. App. 2012).

For all these reasons, we hold Logan has not demonstrated the trial court abused its discretion in determining the mitigating and aggravating factors, in ordering a twenty year sentence for possession of cocaine, or in ordering the sentences to be served consecutively.

2.      Appropriateness of Sentence

Logan has not demonstrated his twenty-eight year sentence is inappropriate in light of his character and offense. We have the constitutional authority to revise a sentence if, after considering the trial court's decision, we conclude the sentence is inappropriate in light of the nature of the offense and character of the offender. Ind. Appellate Rule 7(B). "We recognize, however, the special expertise of the trial courts in making sentencing decisions; thus, we exercise with great restraint our responsibility to review and revise sentences." *Scott v. State*, 840 N.E.2d 376, 381 (Ind. Ct. App. 2006), *trans. denied*. Our review "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Logan has the burden on appeal of persuading us his sentence is inappropriate. *See Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006) (holding the defendant has the burden of persuasion when reviewing for inappropriateness).

Regarding the nature of the offense, one factor in determining the appropriateness of the deviation from the standard sentence is "whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the typical

6

offense." *Wells v. State*, 2 N.E.3d 123, 131 (Ind. Ct. App. 2014), *trans. denied.* To convict Logan of Class C felony reckless homicide, the State had to prove Logan recklessly killed A.S. *See* Ind. Code § 35-42-1-5 (requiring the reckless killing of another human being). To convict of possession of cocaine, the State had to prove Logan possessed cocaine. *See* Ind. Code § 35-48-4-6 (a person who knowingly or intentionally possesses cocaine). After drinking, using cocaine, and having sex, Logan bound A.S.'s hands and feet and also covered his mouth and nose with duct tape. Logan then fell asleep, leaving A.S. to die. Logan's acts are more egregious than required for those two convictions because he deliberately put duct tape over both of A.S.'s airways while he was under the influence of cocaine and because, after determining A.S. was dead, he hid A.S.'s body in an unplugged freezer for almost a month.

When analyzing the character of the offender, criminal history is an important relevant factor. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). Logan has multiple arrests and charges including a Class B felony cocaine conviction ten years ago. He has been both incarcerated and placed on probation, but those attempts to rehabilitate him have been unsuccessful. Rather than seeking help when he found A.S. dead, he chose to hide the body in an unplugged freezer for almost a month. During that time, Logan did not answer text messages or phone calls from R.W., who was attempting to find her son.

In light of Logan's character and offense, we cannot hold his sentence is inappropriate.

7

**CONCLUSION**

The trial court did not abuse its discretion in determining the aggravating and mitigating factors, and in view of Logan's character and offense, the sentence imposed by the trial court was not inappropriate. Accordingly, we affirm.

Affirmed.

KIRSCH, J., and BAILEY, J., concur.