Mark PICKENS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 69S00–0012–CR–815.

Supreme Court of Indiana.

May 10, 2002.

Leanna Weissmann, Lawrenceburg, Indiana, Attorney for Appellant.

Steven Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

DICKSON, Justice.

The defendant, Mark Pickens, pled guilty to murder[1] and now appeals his sixty-year sentence, alleging the trial court relied on improper aggravators in enhancing the presumptive sentence by five years. We have jurisdiction pursuant to former Indiana Appellate Rule 4(A)(7),[2] as the defendant's appeal was initiated by praecipe on November 1, 2000, and affirm the sentence.

█ The defendant argues that only three of the trial court's eight enumerated aggravators listed in the sentencing statement are proper, and if only the three proper aggravators are weighed against the three mitigating factors it is "not clear that the trial court would ... still come up with a sixty year sentence in this case." Br. of Appellant Mark Pickens at 10. In general, sentencing determinations are within the trial court's discretion and are governed by Indiana Code § 35–38–1–7.1. *See Thacker v. State*, 709 N.E.2d 3, 9 (Ind.1999); *Harris v. State*, 659 N.E.2d 522, 527 (Ind.1995). We review trial court sentencing decisions only for abuse of discretion, including a trial court's decision to increase or decrease the presumptive sentence because of aggravating or mitigating circumstances and to run the sentences concurrently or consecutively. *See Archer v. State*, 689 N.E.2d 678, 683 (Ind.1997); *Morgan v. State*, 675 N.E.2d 1067, 1072 (Ind.1996); *Smith v. State*, 675 N.E.2d 693, 697 (Ind.1996); *Mott v. State*, 273 Ind. 216, 220, 402 N.E.2d 986, 988 (1980).

In pronouncing the sentence the trial court stated:

The Court has reviewed the Pre Sentence Investigation and Report as well as the supplement to that Pre Sentence Investigation and Report. The court has considered the evidence presented here in open Court, the arguments of counsel, and has considered the mandatory, the factors made mandatory by statute. The risk that the Defendant will commit another crime that's always up in the air. I do consider however that these circumstances are unlikely to recur. The nature and circumstances of the crime committed certainly he has obtained access to the victim by deceit. He violated the restraining order no less than three times, once on the day of the homicide, once on June 4th and once on May 30th which the officer responding to the call for violation of that restraining order found him to be intoxicated and resulted in his arrest for Operating a Vehicle While Intoxicated. So this was not a ... I guess it indicates to me a disregard for the law a disregard for the authority of the court. And in addition to being an aggravating factor I think also indicates or is an indication of

---

1. Ind.Code § 35–42–1–1.

2. For appeals initiated after January 1, 2001, the Court's jurisdiction is defined in App.Rule 4.

Defendant's character. Prior criminal record there is no conviction for any offense, but as I mentioned with respect to his character there is the arrest for Operating While Intoxicated, there are the violations of the restraining order, there is the admitted marijuana use which is illegal and again indicates a disrespect for the law. The court considers the aggravating factors as follows: the violation of the restraining order, the obtaining of access to the victim by deceit; the nature and circumstances of the offense; the abuse of the victim for a period of time prior to the offense; having left the victim after having shot her; as the Prosecuting Attorney mentioned five separate shots with a shotgun at close range, two while she was lying on the ground wounded the Court will consider as an aggravating factor. As mitigating factors the Defendant has entered a voluntary plea of guilty to the charge. That he has led a law abiding life for a substantial period of time not having any convictions of crime. As I mentioned, circumstances unlikely to recur. I have reason to doubt however that he is likely to respond affirmatively to short-term imprisonment and I also doubt the sincerity of the expressed remorse. Mr. Pickens throughout these proceedings has given me the impression of one who is by proclaiming his remorse attempting to avoid the consequences of his actions rather than expressing true remorse for what he has done. Accordingly, I will adopt the recommendation of the probation department. Sentence the Defendant to sixty years at the Indiana Department of Correction. Aggravating the basic sentence of fifty-five years by five years. [I] am considering the mitigating factors in not aggravating it to the full sixty-five.

Record at 292–94. The Sentencing Order listed the following aggravators:

1. Defendant has violated restraining order involving the victim on at least three occasions;

2. Imposition of a reduced sentence or suspension of the sentence would depreciate the seriousness of the crime;

3. Nature and circumstances of the crime committed specifically firing five shots into the victim, two of which were while the victim was lying on the ground;

4. Defendant's character exhibits a disregard for the law and the authority of the Court by violation of restraining order, ingestion of marijuana and his arrest for Operating a Vehicle While Intoxicated;

5. Defendant's prior abuse of the victim;

6. Defendant obtained access to the victim by deceit;

7. Defendant does not exhibit genuine remorse for the crime committed;

8. The statement of the victim's family.

Record at 123–24.

■ We agree with the defendant's first contention that the trial court improperly considered that the imposition of a reduced sentence or suspension of the sentence would depreciate the seriousness of the crime as an aggravating factor. This factor may be considered only to support the refusal to impose a sentence less than the presumptive. *Hollins v. State,* 679 N.E.2d 1305, 1308 (Ind.1997). There is nothing in the record that indicates the court was considering less than the presumptive sentence. The consideration of this aggravator was incorrect.

■ The defendant next argues that the trial court improperly considered the fact that the defendant violated a restraining order as the basis for both its first and

fourth enumerated aggravators. Indiana Code § 35–38–1–7.1 lists the mandatory and nonmandatory factors for courts to consider in determining a sentence. Of the mandatory factors, two that the trial court is to consider are whether the defendant violated a protective order, Ind.Code § 35–38–1–7.1(a)(5), and the defendant's character, Ind.Code § 35–38–1–7.1(a)(3)(B). The court properly considered the violation of the restraining order as a factual aggravator and also properly considered it in determining defendant's character. We find no error here.

■ The defendant contends that the trial court improperly considered his admitted marijuana use and arrest for operating a vehicle while intoxicated (OWI), as they are not "sufficient to show that [he] has a criminal record justifying enhancement of [his] sentence." Br. of Appellant Mark Pickens at 6. One or more arrests, standing alone, do not establish the "history of criminal or delinquent activity" aggravator to enhance a sentence. See Ind. Code § 35–38–1–7.1(b)(2); *Sherwood v. State*, 702 N.E.2d 694, 700 (Ind.1998); *Tunstill v. State*, 568 N.E.2d 539, 545 (Ind. 1991). "While a record of arrests does not establish the historical fact of prior criminal behavior, such a record does reveal to the court that subsequent antisocial behavior on the part of the defendant has not been deterred even after having been subject to the police authority of the State and made aware of its oversight activities of its citizens." *Tunstill*, 568 N.E.2d at 545. Indiana Code § 35–38–1–7.1(d) "gives a sentencing court the flexibility to consider any factor which reflects on the defendant's character, good or bad, in addition to those expressly set out in the rest of the statute." *Id.* Furthermore, under Indiana Code § 35–38–1–7.1(a)(3)(B), the court may consider arrest records and admissions of illegal conduct as they reflect on the defendant's character. The trial court did not act improperly in considering the defendant's arrest for OWI and his admitted marijuana use as relevant to the defendant's character.

■ The defendant asserts that the trial court's consideration of the defendant's prior abuse of the victim is improper, as this finding is not supported by the record. The defendant maintains that the only evidence presented that the defendant abused the victim was the testimony of the victim's family. When determining the proper sentence to be imposed, the rules of evidence, other than those concerning matters of privilege, do not apply. Ind.Evidence Rule 101(c)(2); *see also Jackson v. State*, 697 N.E.2d 53, 55 (Ind.1998). At sentencing the evidence is not confined to the narrow issue of guilt, but is to determine the type and extent of punishment. *Thomas v. State*, 562 N.E.2d 43, 47 (Ind. Ct.App.1990). While a sentence may not be based upon materially false information or assumptions, the defendant here testified at his sentencing hearing and had the opportunity and did question the family members on their accusations of abuse. The trial court's conclusion that the defendant abused the victim prior to the crime is not clearly erroneous. We find no error.

■ The defendant next takes issue with the trial court's assessment that the defendant did not exhibit genuine remorse for the crime committed. The defendant claims that the record does not support the trial court's assessment and references his testimony that he was sorry for the tragedy, that he had cried over the tragedy, and that he had pled guilty in part to spare the victim's family from the ordeal of a trial.

In determining that the defendant's remorse was insincere, the court acknowledged that the defendant had professed remorse. However, the court concluded

that the proclaimed remorse was an attempt to avoid consequences rather than a true expression. We find the court's determination to be similar to a determination of credibility. *See Herrera v. State,* 679 N.E.2d 1322, 1327 (Ind.1997). Without evidence of some impermissible consideration by the court, we accept its determination of credibility. We find no impermissible considerations and thus no error.

 The defendant's final argument is that the court failed to explain the reasons for its determination that the statements of the victim's family were aggravating. Because the terrible loss that accompanies the loss of a family member accompanies almost every murder, this impact on the family is encompassed within the range of impact which the presumptive sentence is designed to punish. *Bacher v. State,* 686 N.E.2d 791, 801 (Ind.1997). The impact on others may qualify as an aggravator but the defendant's actions must have had an impact on other persons of a destructive nature not normally associated with the commission of the offense in question and must be foreseeable to the defendant. *Id.* The trial court did not delineate what impact it was considering that would not normally be associated with the loss of the victim's life. This aggravator was improperly considered.

Excluding the challenged aggravating circumstances based on victim impact and that a reduced sentence would depreciate the seriousness of the crime, multiple aggravating circumstances nevertheless remain. Even when a trial court improperly applies an aggravator, a sentence enhancement may be upheld if other valid aggravators exist. *Garrett v. State,* 714 N.E.2d 618, 623 (Ind.1999). "[W]e will remand for resentencing if we cannot say with confidence that the trial court would have imposed the same sentence if it considered the proper aggravating and mitigating circumstances." *McCann v. State,* 749 N.E.2d 1116, 1121 (Ind.2001). Excluding the two improper aggravating circumstances, six aggravating circumstances remain to weigh against three mitigating circumstances. As seen by the trial court's oral remarks at sentencing, the court relied mainly on the six proper aggravating circumstances in enhancing the defendant's sentence. Given the trial court's oral remarks at sentencing and the weight of the aggravating factors remaining, our confidence in the sentence is not diminished by the removal of the two improper aggravators. The sentence is affirmed.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.