## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 28 2015, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Rebecca A. Trent
Brookston, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jevon Deandre Ollins, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | July 28, 2015 <br><br> Court of Appeals Cause No. 79A02-1412-CR-843 <br><br> Appeal from the Tippecanoe Superior Court. <br><br> The Honorable Randy J. Williams, Judge. <br><br> Cause No. 79D01-1311-FB-30 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Jevon Ollins (Ollins), appeals his thirteen-year sentence after pleading guilty to burglary, a Class B felony, Ind. Code § 35-43-2-1 (2013).

We affirm.

## ISSUE

Ollins raises one issue on appeal, which we restate as: Whether Ollins' sentence is inappropriate in light of the nature of the offense and his character.

## FACTS AND PROCEDURAL HISTORY[1]

On September 25, 2012, at around mid-morning, Sergeant Ricks of the Tippecanoe Sherriff's Department responded to a burglary report on Country Road 700 West, West Point, Indiana. Sergeant Ricks met with Melody Clouser (Clouser), who informed him that when she approached her house, she saw a white vehicle backed into her driveway, and a female, later identified as

---

[1] Pursuant to Indiana Administrative Rule 9(G)(2)(b) and Indiana Code section 35-38-1-13, the presentence investigation (PSI) report must be excluded from public access. However, in this case, the information contained in the PSI report "is essential to the resolution" of Ollins' claim on appeal. Ind. Admin. Rule 9(G)(7)(a)(ii)(c). Accordingly, we have included confidential information in this decision only to the extent necessary to resolve the appeal.

Natasha Ollins (Natasha), was sitting in the driver's seat. Clouser told Sergeant Ricks that she attempted to block the white vehicle with her truck but Natasha drove around Clouser's vehicle, and after turning on Country Road 700 West, Natasha proceeded east on County Road 800 South. Once the car was out of sight, Clouser walked inside her house. She observed that her television had been moved to the kitchen floor, at that point, she contacted the police. Clouser informed Sergeant Ricks that an iPad, charger, and jewelry were missing. Sergeant Ricks found some fingerprints on the television, which he lifted and sent for analysis. The fingerprints lifted from the television matched Ollins, Natasha's husband.

[5] On November 20, 2013, the State charged Ollins with one Count of conspiracy to commit burglary, a Class B felony; one Count of burglary, a Class B felony; one Count of conspiracy to commit theft, a Class D felony; and one Count of theft, a Class D felony. Pursuant to a plea agreement entered with the State on September 8, 2014, Ollins pled guilty to burglary, and the State agreed to dismiss the remaining Counts and not to revoke any probation that Ollins may have been serving. In addition, the agreement stipulated that the sentence for the guilty plea would not be less than "eleven (11) and no more than fourteen (14) years." (Appellant's App. p. 29).

[6] On November 3, 2014, a sentencing hearing was held and the trial court identified Ollins' extensive juvenile and adult criminal history as aggravating factors. In mitigation, the trial court observed that Ollins pled guilty and accepted responsibility for his crime. Accordingly, the trial court sentenced

Ollins to thirteen years executed in the Department of Correction and ordered him to pay restitution to Clouser in the amount of $500.

[7] Ollins now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[8] Ollins contends that his thirteen-year sentence is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). "Ultimately the length of the aggregate sentence and how it is to be served are the issues that matter." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other considerations that come to light in a given case. *Id*.

[9] The advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Abbott v. State*, 961 N.E.2d 1016, 1019 (Ind. 2012). For his Class B felony burglary conviction, Ollins faced a sentencing range of six to twenty years, with the advisory sentence being ten years. Here, the trial court imposed a thirteen-year sentence.

[10]     Regarding the nature of his offense, we find that Ollins was on probation for: maintaining common nuisance, a Class D felony; possession of marijuana, a Class A misdemeanor; and conversion, a Class A misdemeanor. On September 25, 2012, Ollins broke into Clouser's residence while Natasha waited in the driveway with the getaway-vehicle. While inside, Ollins took an iPad, charger, and jewelry belonging to Clouser.

[11]     Regarding Ollins' character, at the time of sentencing, Ollins was only twenty-four years old, yet he had accumulated a significant history of criminal and delinquent behavior. As a juvenile living in Cook County, Chicago, Ollins "has had contacts with the law [] since he was 12" years old. (Sentencing Transcript p. 30). Between 2002 and 2008, Ollins was adjudicated delinquent for about nine misdemeanors and eight felonies.[2] As an adult living in Tippecanoe County, Indiana, Ollins was convicted of false informing, carrying a handgun without a license, criminal confinement, residential entry, theft, and battery resulting in bodily injury. To top it off, after being arrested for the immediate

---

[2] Ollins argues that there was an addendum to the PSI which shows that he only had ten contacts with the criminal justice system as a juvenile, and that and six of those charges "were stricken, dismissed or closed without action." (Appellant's Br. p. 6). We note that "[w]hile a record of arrests does not establish the historical fact of prior criminal behavior, such a record does reveal to the court that subsequent antisocial behavior on the part of the defendant has not been deterred even after having been subject to the police authority of the State and made aware of its oversight activities of its citizens." *Pickens v. State*, 767 N.E.2d 530, 534 (Ind. 2002).

offense, Ollins committed two additional misdemeanor offenses—domestic battery on Natasha, and invasion of privacy. Ollins admitted to using drugs at the time he committed the instant crime.

[12] Comparing his situation to Natasha's, Ollins argues that his wife received a ten-year sentence with five years to be served in community corrections and five years to be served on probation. Ollins contends that "obviously, the nature of the offense, does not call for a [thirteen]-year fully executed sentence." (Appellant's Br. p. 6.). We have held that a defendant's criminal history is a valid aggravating circumstance. *See Deloney v. State*, 938 N.E.2d 724, 732 (Ind. Ct. App. 2010), *trans. denied*. We note that Ollins' criminal history in this case shows that he has not been deterred from criminal activity and that, in itself, reflects poorly on his character.

[13] In sum, Ollins' extensive criminal history does not help in advancing his inappropriateness argument. Given this record, we conclude that Ollins' sentence is appropriate in light of character and the nature of his offense.

## CONCLUSION

[14] Based on the foregoing, we conclude that Ollins' sentence is appropriate in light of the nature of the offense and his character.

[15] Affirmed.

[16] Bailey, J. and Barnes, J. concur