## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 10 2017, 9:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer L. Koethe
La Porte, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MJoseph Basford,<br>*Appellant-Defendant*,<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff*. | April 10, 2017<br><br>Court of Appeals Case No.<br>46A03-1609-CR-2167<br><br>Appeal from the La Porte Superior Court<br><br>The Honorable Michael Bergerson, Judge<br><br>Trial Court Cause No.<br>46D01-1211-MR-544 |

**Brown, Judge.**

MJoseph Basford[1] appeals his sentence for robbery as a class A felony. Basford raises one issue which we revise and restate as whether the trial court abused its discretion in sentencing him. We affirm.

*Facts and Procedural History*

Basford stipulated to the following factual basis regarding his conviction:

1. That [Basford], DOB 8/3/1994 is the Defendant . . . .

2. That on or about November 8, 2012, [Basford] was at or about 301 Porter Street, Michigan City, Laporte County, Indiana.

3. [Basford] traveled to 301 Porter from the Go-Lo gas station with a baseball bat accompanied by Trevon Walker with a plan to rob Jerry Peters who lived at 301 Porter Street.

4. The plan was Ryan Phelps was to go into the house and take a shower and leave the back door open for [Basford], Martell [Anderson] and Trevon [Walker] to enter the house and take Peter's [sic] gold and TV(s).

5. Ryan entered the residence first and later [Basford], Martell and Trevon came into the basement of the house.

6. Ryan lured Jerry Peters downstairs, at which time, Peters was struck and fell down. Peter's [sic] was struck repeatedly by Ryan Phelps, Martell Anderson, Trevon Walker and [Basford].

---

[1] We observe that the Chronological Case Summary states the defendant's name as "M Joseph Mitchell Basford." Appellant's Appendix Volume 2 at 2.

Martell Anderson struck Peters multiple times with a baseball bat.

7. Afterwards, Ryan Phelps turned the kitchen stove gas on to blow up the house.

8. [Basford], Martell and Trevon and Ryan left in Jerry Peter's [sic] car taking his credit cards with them.

9. As a result of the beating inflicted by [Basford], Martell, Trevon, and Ryan Jerry Peters died.

Appellant's Appendix Volume 2 at 30-31.

[3] On November 9, 2012, the State charged Basford with murder, felony murder, and robbery as a class A felony. On August 22, 2013, Basford and the State entered into a plea agreement whereby Basford agreed to plead guilty to robbery as a class A felony and to cooperate with the State in the prosecution of his co-defendants, Ryan Phelps, Trevon Walker, and Martell Anderson, and the State agreed to dismiss the murder and felony murder charges under this cause, as well as charges against Basford in a separate cause including robbery as a class B felony and criminal gang activity as a class D felony. That same day, the trial court held a hearing, and Basford pled guilty.

[4] On August 17, 2016, the court conducted a sentencing hearing at which it reviewed the presentence investigation report and heard testimony from Basford, Basford's mother, and a friend of Peters. At the hearing, Basford noted that he has one three-year-old child who lives with her mother in

Michigan City, Indiana, and who was born after Basford had been arrested in conjunction with Peters's death. Basford also stated that he had "an almost uncontrollable drug problem with no means of income or financial support" and began committing robberies to support his drug habit, that he "had no intensions [sic] of ever being involved in this incidence at all," that he became involved "just minutes before" the others set out to rob Peters and "by some strange twist of fate [he] ended up in the mix and a man lost his life." Transcript at 15-16. He stated that he had been "left to fend for [himself] in a completely foreign city with a father that cared not much about" him, and who had recently been released from serving an eighteen-year federal prison sentence, because his mother had been deployed to Afghanistan with the United States Army. *Id.* at 15.

[5] In pronouncing sentence, the court identified the following as aggravators and mitigators:

> Court finds that the 7 there is a — following aggravating circumstances exists in following particulars to-wit: that the defendant is in need of correctional or rehabilitative treatment that can best be provided by commitment of the defendant to a penal facility. That the defendant has a significant history of violent crimes and is of high risk to be a repeat offender. That the imposition of a reduced sentence or suspension of the sentence and imposition of a term of probation would depreciate the seriousness of the crime. That the victim of the crime was at least sixty-five years of age. That the Defendant used far more force than was necessary to commit a robbery. That the brutality of the injuries suffered and the pain and suffering endured by the victim, Gerald Peters before his death, reflect a callous disregard

for human life. The Court does find the existence of certain mitigating circumstances, to wit: That the defendant was only 18 years old at the time of the offense. That the defendant pled guilty and cooperated with the police thereby saving the State the time and expense of trial. The Court also finds that the defendant assisted the State and testified in the prosecution of others involved in the murder of Gerald Peters.

*Id.* at 29-30. The court also specifically found that Basford received "a significant and substantial benefit from his plea arrangement" in that Counts I and II for murder and felony murder were dismissed, as well as the other unrelated charges of robbery and criminal gang activity, and gave "those articulated mitigating circumstances only minimal weight." *Id.* at 30. It found that the aggravators far outweighed the mitigators and sentenced Basford to fifty years executed in the Department of Correction.

## *Discussion*

[6] The issue is whether the trial court abused its discretion in sentencing Basford. We review the sentence for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* A trial court abuses its discretion if it: (1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that

are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law." *Id.* at 490-491. If the trial court has abused its discretion, we will remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491. The relative weight or value assignable to reasons properly found, or those which should have been found, is not subject to review for abuse of discretion. *Id.*

[7] Basford's arguments focus on the mitigating circumstances identified by the trial court. The determination of mitigating circumstances is within the discretion of the trial court. *Rogers v. State*, 878 N.E.2d 269, 272 (Ind. Ct. App. 2007), *trans. denied*. The court is not obligated to accept the defendant's argument as to what constitutes a mitigating factor, and the court is not required to give the same weight to proffered mitigating factors as does a defendant. *Id.* An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493. If the court does not find the existence of a mitigating factor after it has been argued by counsel, it is not obligated to explain why it has found that the factor does not exist. *Id.*

[8] Basford argues that the trial court abused its discretion when it gave little weight to the mitigators it identified and by failing to give any mitigating weight to the fact that he has a three-year-old daughter who will depend on him for support.

He argues that he pled guilty, which should be accorded significant mitigating weight, and that he testified against his co-defendants "at considerable risk to his own safety . . . ." Appellant's Brief at 12. He asserts that the Indiana Supreme Court has held a defendant's young age is a significant mitigating circumstance in some cases and should be significant here, noting that he "went to stay in a foreign city with his father who had finished an eighteen (18) year federal prison sentence because his mother was in Afghanistan serving our country in the military." *Id.* at 13. He also argues that he "has shown remorse" which should be accorded mitigating weight.

[9] The State asserts that Basford misunderstands the current sentencing scheme and that "a trial court can not now be said to have abused its discretion in failing to 'properly weigh'" aggravators and mitigators. Appellee's Brief at 12 (quoting *Anglemyer*, 868 N.E.2d at 491). Regarding the court's decision not to identify any undue hardship on Basford's daughter as a mitigator the State argues that a trial court is not under an obligation to weigh or credit mitigators in the manner a defendant suggests and he does not set forth special circumstances showing that such hardship would be undue. The State also argues that there is nothing in the record to suggest that Basford has ever provided for this child that might indicate some sort of undue burden. Finally, the State argues that Basford does not challenge any of the aggravators, and "[a] single aggravator is sufficient to support an enhanced sentence." *Id.* at 15 (quoting *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008)).

[10] We underscore that the relative weight or value assignable to reasons properly

found is not subject to review for abuse of discretion. *Anglemyer*, 868 N.E.2d at 491. Thus, to the extent Basford suggests that the court did not accord enough mitigating weight to his age, his decision to plead guilty, and his cooperation in prosecuting his co-defendants, such decisions are not reviewable for an abuse of discretion. Also, we note that Basford did not assert at sentencing that he showed remorse and that his remorse was a mitigator. Rather, the only mitigators asserted by Basford at sentencing included his cooperation, his age, the undue hardship on his daughter, and "to take into consideration the fact that he does have a future . . . ." Transcript at 28-29. Thus, Basford has waived any argument that the court abused its discretion by failing to consider his remorse as a mitigator. *See Anglemyer Rehearing*, 875 N.E.2d at 220 (observing that the trial court does not abuse its discretion in failing to consider a mitigating factor that was not raised at sentencing).

[11]  Even if we were to consider Basford's argument regarding remorse, we note that a trial court's determination of a defendant's remorse is similar to a determination of credibility. *Pickens v. State*, 767 N.E.2d 530, 534-535 (Ind. 2002). Without evidence of some impermissible consideration by the court, we accept its determination of credibility. *Id.* The trial court is in the best position to judge the sincerity of a defendant's remorseful statements. *Stout v. State*, 834 N.E.2d 707, 711 (Ind. Ct. App. 2005), *trans. denied*. At trial, Basford stated that he "would like to ask the victims [sic] family for forgiveness and the Courts for mercy." Transcript at 15. He then noted that while he was "not going to try to make excuses for myself or my rebellious and uncivilized behavior, he wanted

to "relay certain facts with supportive details as to why this series of tragic events transpired the way that they did and why I do not feel that I deserve an abundance of prison time" before talking about living in a foreign city with his father who had recently been released from prison. *Id.* He also explained his participation in the crime as due to "some strange twist of fate" in which he "ended up in the mix . . . ." *Id.* at 16. The court was able to consider Basford's statements, and based upon our review of the sentencing transcript and the record we cannot say that the court abused its discretion by not finding his alleged remorse to be a mitigating circumstance. *See Stout*, 834 N.E.2d at 711 (holding that the court did not err in not finding the defendant's alleged remorse to be a mitigating factor).

[12] Regarding Basford's argument that the court abused its discretion by not finding the hardship on his daughter as a mitigator, we observe that "absent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship." *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind. 1999); *see also Benefield v. State*, 904 N.E.2d 239, 247-248 (Ind. Ct. App. 2009) (recognizing that incarceration "almost always" works a hardship on others and concluding that the defendant failed to show "special circumstances" because there were other people who could take care of the defendant's mother while she was incarcerated), *trans. denied*. As noted by the State, the record reveals that Basford's daughter was born after his arrest for this criminal episode, and there is nothing to suggest that he has provided her with any support. We cannot say that there are any special circumstances to accord Basford's imprisonment and

its effect on his daughter mitigating weight.

Under the circumstances, we cannot say that Basford has shown that the mitigating evidence is both significant and clearly supported by the record or that the trial court abused its discretion by not finding the hardship on his daughter to be a mitigating circumstance.[2] We conclude that the court did not abuse its discretion in sentencing Basford.

## *Conclusion*

For the foregoing reasons, we affirm Basford's sentence for robbery as a class A felony.

Affirmed.

Vaidik, C.J., and Bradford, J., concur.

---

[2] In his brief, Basford cites to Ind. Appellate Rule 7(B), which allows this court to revise sentences that are inappropriate in light of the nature of the offense and the defendant's character. Basford does not make any arguments related to why his sentence is inappropriate and instead focuses on the aggravators and mitigators identified by the trial court. We find that he has waived his argument that his sentence is inappropriate. *See Sandleben v. State*, 29 N.E.3d 126, 136 (Ind. Ct. App. 2015) (concluding that Sandleben waived inappropriate sentence argument by failing to present cogent argument on that issue), *trans. denied*; *Gentry v. State*, 835 N.E.2d 569, 575-576 (Ind. Ct. App. 2005) (holding that the defendant's "failure to offer more than a mere conclusory statement that his sentence should be reduced waives his opportunity for appellate review") (footnote omitted).