## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 20 2018, 6:17 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Jeffrey Schlesinger
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Alexander Marvel Jones,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 20, 2018<br><br>Court of Appeals Case No.<br>45A03-1709-CR-2112<br><br>Appeal from the Lake Superior Court<br><br>The Honorable Salvador Vasquez, Judge<br><br>The Honorable Natalie Bokota, Judge Pro Tempore<br><br>Trial Court Cause No.<br>45G01-1701-F2-2 |

**Bailey, Judge.**

# Case Summary

Alexander Marvel Jones ("Jones") challenges his five-year sentence, imposed after Jones pleaded guilty to Criminal Recklessness, as a Level 5 felony.[1]

We affirm.

# Issues

Jones presents the following issues:

    I.      Whether the trial court abused its discretion in sentencing him; and

    II.     Whether his sentence is inappropriate.

# Facts and Procedural History

On January 1, 2017, Adrian Ortiz ("Ortiz") was parking in Hammond when another vehicle parked behind his. Eriec Campbell ("Campbell") was driving the other vehicle, and Jones was a passenger. Campbell exited the vehicle, approached Ortiz, and then fired several shots into Ortiz's vehicle. Ortiz began to drive off, at which point Jones shot toward the rear of the vehicle.

---

[1] Ind. Code §§ 35-42-2-2(a), -2(b)(2)(A).

[5] In the wake of the shooting, Jones faced three felony counts: Attempted Murder, as a Level 1 felony;[2] Attempted Robbery Resulting in Serious Bodily Injury, as a Level 2 felony;[3] and Attempted Armed Robbery, as a Level 3 felony.[4] Jones and the State reached a plea agreement whereby the State would amend the charging information to include a charge of Criminal Recklessness, as a Level 5 felony—to which Jones would plead guilty—and the State would move to dismiss the remaining counts. Jones later pleaded guilty pursuant to the plea agreement. Thereafter, the trial court held a sentencing hearing, and sentenced Jones to five years in the Indiana Department of Correction.

[6] Jones now appeals.

# Discussion and Decision

## Abuse of Discretion

[7] The sentencing range for a Level 5 felony is between one year and six years, with an advisory sentence of three years. I.C. § 35-50-2-6. Where, as here, the trial court has imposed a sentence within the statutory range, the sentence "is subject to review only for abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*. The trial court abuses its discretion if its

---

[2] I.C. §§ 35-42-1-1, 35-41-5-1.

[3] I.C. §§ 35-42-5-1, 35-41-5-1.

[4] *Id.*

decision is clearly against the logic and effect of the facts and circumstances before it, or the reasonable deductions to be drawn therefrom. *Id.*

[8] Pursuant to Indiana Code Section 35-38-1-3, "[b]efore sentencing a person for a felony, the court must conduct a hearing to consider the facts and circumstances relevant to sentencing." If, upon the hearing, the court identifies aggravating circumstances or mitigating circumstances, the court must enter a "statement of the court's reasons for selecting the sentence that it imposes." I.C. § 35-38-1-3. In its sentencing statement, the trial court need not identify every aggravating or mitigating circumstance, but it is obligated to "identify all *significant* mitigating and aggravating circumstances." *Anglemyer*, 868 N.E.2d at 490 (emphasis added). Moreover, the trial court is not obligated to explain why it did not find a circumstance to be significantly mitigating. *Id.* at 493.

[9] On appeal, "[a]n allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record." *Id.* Nonetheless, even where a trial court has failed to identify a significant mitigating circumstance, we will not remand for resentencing unless "we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491.

[10] In sentencing Jones, the trial court identified two mitigating circumstances: that Jones had completed programs while in jail and that Jones was helpful to his elderly mother. The court gave the latter factor "relatively low weight" because

Jones had committed several crimes while living with his mother, and Jones had made plans to move out of state. App. Vol. II at 72. The trial court also identified aggravating circumstances, including Jones's criminal history (three felony convictions and six misdemeanor convictions), and Jones's continued engagement in unlawful behavior after receiving leniency in prior criminal matters. Moreover, the trial court gave "moderate weight" to the impact on Ortiz, who was severely injured when Campbell shot into the car, and who suffered from fear, anxiety, and depression due to the incident. *Id.* at 73.

[11] Jones argues that the trial court abused its sentencing discretion by failing to identify certain mitigating circumstances, including his decision to plead guilty. "[T]he significance of a guilty plea as a mitigating factor varies from case to case." *Anglemyer v. State*, 875 N.E.2d 218, 221 (Ind. 2007), *on reh'g*. "For example, a guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility . . . or when the defendant receives a substantial benefit in return for the plea." *Id.* Moreover, a guilty plea may not be significantly mitigating if it appears to be more likely the result of pragmatism than acceptance of responsibility and remorse. *Id.*

[12] Here, Jones's decision to plead guilty appears to have been pragmatic, in that the State agreed to seek dismissal of three counts that carried greater sentencing exposure. Thus, we cannot say that the trial court abused its discretion by not identifying the decision to plead guilty as a significant mitigating circumstance.

[13]     Jones next argues that the court should have determined that his remorse was a significant mitigating circumstance. "Remorse, or lack thereof, by a defendant often is something that is better gauged by a trial judge who views and hears a defendant's apology and demeanor first hand and determines the defendant's credibility." *Gibson v. State*, 856 N.E.2d 142, 148 (Ind. Ct. App. 2006); *see also Pickens v. State*, 767 N.E.2d 530, 535 (Ind. 2002) ("Without evidence of some impermissible consideration by the court, we accept its determination of credibility."). Here, the trial court made equivocal remarks regarding Jones's credibility: at one point, the trial court stated that it "believe[d]" Jones was sincere, Tr. Vol. II at 50, but it later remarked that it "hop[ed]" Jones was sincere. *Id.* at 51. Thus, it appears that the court was not fully convinced of Jones's credibility, and we are not persuaded that the trial court abused its discretion by not identifying remorse as a significant mitigating circumstance.

## Inappropriate Sentence

[14]     Although a trial court may have acted within its discretion in sentencing a criminal defendant, the Indiana Constitution authorizes independent appellate review and revision of the selected sentence. Ind. Const. art. 7, §§ 4, 6. This authority is implemented through Indiana Appellate Rule 7(B), which provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The appropriateness of a sentence "turns on 'myriad . . . factors that come to light in a given case,'" *Taylor v. State*, 86 N.E.3d 157, 165 (Ind. 2017)

(quoting *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)), and the principal role of our review "is to attempt to leaven the outliers." *McCain v. State*, 88 N.E.3d 1066, 1067 (Ind. 2018) (per curiam). We begin our "analysis with 'substantial deference to the trial court's sentence,' then 'independently examine' the defendant's offenses and character." *Taylor*, 86 N.E.3d at 165 (quoting *Satterfield v. State*, 33 N.E.3d 344, 355 (Ind. 2015)).

[15] Regarding the offense, we observe that the legislature selected an advisory sentence of three years. *See* I.C. § 35-50-2-6. As to the nature of the offense, while Ortiz was driving to safety after Campbell shot him, Jones fired at Ortiz's vehicle. Jones argues that his shots did not strike Ortiz or the vehicle, yet Jones placed Ortiz—and anyone else nearby—in danger. Moreover, in asking us to revise his sentence, Jones attempts to minimize his actions, arguing that he was intoxicated and thought Campbell was in danger. Jones asserts that although he "knowingly fired at the vehicle, he believed he was justified in doing so thereby mitigating the nature of the offense." Appellant's Br. at 10. However, we are not inclined to disturb the sentence based on this extraordinary belief.

[16] As to the character of the offender, Jones has accumulated six misdemeanor convictions and three felony convictions. Jones argues that none of his felonies were for violent acts. Jones also argues that he accepted responsibility by pleading guilty and that he expressed remorse prior to being sentenced—actions that generally reflect positively on his character. However, in previous criminal matters, Jones has had his probation revoked, and he violated the terms of his conditional discharge in Illinois. Thus, despite the prior leniency afforded to

him, Jones has continued to make poor decisions—including the decision to carry a weapon and drink alcohol to the point that he could personally rationalize shooting at another vehicle. Moreover, although it appears that Jones is a helpful son, Jones committed several crimes while living with his mother, despite the support network Jones has with his law-abiding family. Ultimately, Jones has had several opportunities to reform his behavior, but has continued to engage in criminal activity that this time put others in danger.

[17] After evaluating the nature of the offense and Jones's character, we are not persuaded that the five-year sentence is inappropriate.

# Conclusion

[18] The trial court did not abuse its sentencing discretion, and the sentence is not inappropriate.

[19] Affirmed.

Kirsch, J., and Pyle, J., concur.