# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 11 2019, 10:23 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark A. Thoma
Deputy Public Defender
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Aaron M. Graves,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 11, 2019

Court of Appeals Case No.
18A-CR-1937

Appeal from the Allen Superior Court

The Hon. Wendy W. Davis, Judge

Trial Court Cause No.
02D04-1701-F6-49

**Bradford, Judge.**

# Case Summary

In February of 2017, Aaron Graves consumed a large amount of alcohol, got behind the wheel of his vehicle, and caused another driver to collide with him when Graves suddenly turned in front of him. Although Graves attempted to flee the scene of the accident on foot, he was arrested and his blood alcohol concentration ("BAC") was determined to be 0.348 g/ml. Graves (1) was convicted of obstruction of justice, leaving the scene of an accident, and operating a vehicle while intoxicated ("OWI") with a prior conviction; (2) stipulated to being a habitual vehicular substance offender; and (3) was sentenced to an aggregate term of ten years of incarceration, with four years suspended and one year of probation. Graves contends that the trial court abused its discretion in sentencing him, his sentence is inappropriately harsh, and his sentence is disproportionate to the nature of his offense. Because we disagree, we affirm.

# Facts and Procedural History

On the evening of January 14, 2017, Frederick Wricks was driving in Fort Wayne when Graves suddenly turned in front of him, causing Wricks's vehicle to collide with Graves's. A man who lived nearby ran to Graves's smoking vehicle, unbuckled his seatbelt, and pulled him out. Graves took a bottle of dark liquor from the passenger's seat and began to leave. When the man told Graves to stop, Graves walked away. Graves still had the liquor bottle, and his breath smelled of alcohol. As police approached, Graves went behind a tree,

took a "swig" from the bottle, and threw it away. Tr. Vol. I p. 210. After Graves's arrest, his blood was drawn and his BAC was determined to be 0.348 g/ml. It was also determined that 260 ml of liquor was missing from the bottle Graves threw away and if that was all Graves had had to drink that day, his BAC could have been no greater than 0.14 g/ml.

[3]     On January 18, 2017, the State charged Graves with Level 6 felony obstruction of justice, Level 6 felony OWI with a prior conviction, Class A misdemeanor OWI endangering a person, and Class A misdemeanor leaving the scene of an accident, also alleging him to be a habitual vehicular substance offender. On July 18, 2018, a jury found Graves guilty as charged and he stipulated to all of the enhancements. On July 25, 2018, the trial court sentenced Graves to concurrent terms of two years of incarceration for obstruction of justice, one year for leaving the scene of an accident, and two years for OWI with a prior conviction enhanced to ten years by virtue of Graves's habitual vehicular substance offender status. The trial court suspended four years of Graves's aggregate ten-year sentence and ordered one of those years to be spent on probation.

# Discussion and Decision

## I. Whether the Trial Court Abused its Discretion in Sentencing Graves

[4]     Under our current sentencing scheme, "the trial court must enter a statement including reasonably detailed reasons or circumstances for imposing a

particular sentence." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2008). We review the sentence for an abuse of discretion. *Id.* An abuse of discretion occurs if "the decision is clearly against the logic and effect of the facts and circumstances." *Id.* A trial court abuses its discretion if it (1) fails "to enter a sentencing statement at all[,]" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons," (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration," or (4) considers reasons that "are improper as a matter of law." *Id*. at 490–91. If the trial court has abused its discretion, we will remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id*. at 491. However, the relative weight or value assignable to reasons properly found, or to those which should have been found, is not subject to review for abuse of discretion. *Id*.

[5] In sentencing Graves, the trial court found, as aggravating circumstances, his criminal history, that prior attempts at rehabilitation had failed, that Graves was on probation when he committed his offenses in this case, and that he was evaluated and found to pose a very high risk of recidivism. The trial court found Graves's acceptance of responsibility (shown by stipulating to the enhancements) and his two minor children to be mitigating.

[6] Graves contends that the trial court failed to properly consider his claim that he had had a three-year period of sobriety and professional growth prior to this case. Even if we assume that this is true, Graves's period of sobriety has obviously ended. Although Graves acknowledges that he has a substance-abuse problem, he has not taken the steps necessary to permanently address it. Under the circumstances, the trial court did not abuse its discretion in refusing to find Graves's substance abuse and/or period of sobriety to be mitigating. *See, e.g.*, *Bryant v. State*, 802 N.E.2d 486, 501 (Ind. Ct. App. 2004) ("Moreover, the record demonstrates that Bryant was aware of his drug and alcohol problem, yet he had not taken any positive steps to treat his addiction. Thus, the trial court did not err in determining that his substance abuse was an aggravating factor." (record citation omitted)), *trans. denied*.

[7] Graves also contends that the trial court did not assign sufficient mitigating weight to his acceptance of responsibility. Pursuant to *Anglemyer*, however, this is no longer a cognizable claim. *See Anglemyer*, 868 N.E.2d at 491 (concluding that the relative weight or value assignable to reasons properly found, or to those which should have been found, is not subject to review for abuse of discretion). Moreover, we treat the consideration of remorse or acceptance of responsibility as a credibility determination best left to the sentencing court. *See Pickens v. State*, 767 N.E.2d 530, 534–35 (Ind. 2002). Graves has failed to establish an abuse of discretion.

# II. Whether Graves's Sentence is Inappropriate

[8] We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), *trans. denied* (citations and quotation marks omitted). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). In addition to the "due consideration" we are required to give to the trial court's sentencing decision, "we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).

[9] The nature of Graves's offenses is egregious. Graves did not have "one too many" on February 14, 2017: When Graves's blood was drawn at the jail, his BAC was 0.348 g/ml. Toxicologist Sheila Arnold testified that a male Graves's size would have to consume twenty-one ounces of eighty-proof liquor to achieve a BAC of 0.329 g/ml, a BAC lower than Graves's. Even if we take away the liquor Graves drank after the accident (assuming the bottle was full

beforehand), that would only account for, at most, 0.14 of the 0.348 g/ml. No matter how one looks at it, Graves must have consumed a prodigious amount of alcohol prior to the accident to achieve a BAC of 0.348 g/ml, which is more than four times the legal limit for operating a motor vehicle. *See* Ind. Code § 9-30-5-4. Moreover, the injuries Graves caused were not insignificant and certainly could have been much worse. Wricks testified that he had bruising on his right biceps and "a banged up knee[,]" injuries that rendered him unable to work for approximately one month. Tr. Vol. I p. 182. In addition, not only did Graves leave the scene of the accident, he left without approaching Wricks to identify himself or determine whether he needed help. The nature of Graves's offenses justifies his sentence.

[10] As for Graves's character, it is revealed by his criminal record, which even he acknowledges is extensive. Graves, born in 1980, has misdemeanor convictions that include OWI, leaving the scene of a property-damage accident, three counts of battery resulting in bodily injury, possession of marijuana, operating while suspended, failure to stop after an accident causing non-vehicle damage, two counts of operating a vehicle as a habitual traffic violator, invasion of privacy, and OWI endangering a person. Graves has felony convictions for OWI and operating a vehicle as a habitual traffic violator. In addition, Graves has had his sentences modified three times and revoked twice, has had the terms of his probation modified once, was on probation when he committed his offenses in this case, and had pending charges of Level 6 felony residential entry and Class A misdemeanor criminal trespass as of sentencing. Despite his

frequent brushes with the law, which have resulted in multiple periods of incarceration, Graves has not chosen to reform himself. In light of the nature of his offenses and his character, Graves has failed to establish that his six-year executed sentence followed by one year of probation is inappropriate.

## III. Whether Graves's Sentence is Disproportionate

[11] Article 1, section 16 of the Indiana Constitution provides, in part, that "[a]ll penalties shall be proportioned to the nature of the offense[,]" requiring us to review whether a sentence is not only within statutory parameters but also constitutional as applied to a particular defendant. *Shoun v. State*, 67 N.E.3d 635, 641 (Ind. 2017). Our standard for reviewing an as-applied proportionality challenge depends on the type of penalty at issue. *Id*. For habitual-offender enhancements, appellate courts assess the nature and gravity of the present felony and the nature of the prior felonies on which the enhancement is based. *Id*.

[12] Graves argues that his ten-year sentence for Level 6 felony OWI with a prior conviction, including the habitual vehicular substance offender enhancement, is disproportionate to the nature of the offense. The maximum sentence for a Level 6 felony is two and one-half years, Ind. Code § 35-50-2-7(b), and Indiana Code section 9-30-15.5-2(d) provides that "[t]he court shall sentence a person found to be a habitual vehicular substance offender to an additional fixed term of at least one (1) year but not more than eight (8) years of imprisonment, to be added to the term of imprisonment imposed under IC 35-50-2 or IC 35-50-3." Here, the trial court imposed a two-year sentence for OWI with a prior

conviction, which it enhanced by eight years due to Graves's habitual vehicular substance offender status.

[13] We first note that Graves received an aggregate sentence of ten years, which is less than the ten and one-half years that the trial court could have imposed. In addition, four years of the sentence were suspended to probation, leaving Graves's executed sentence at six years. We conclude this sentence is proportionate to the nature and gravity of Graves's offense, which we covered in another section of this memorandum decision. To summarize, the nature of the behavior underlying Graves's offense is that he consumed a very large amount of alcohol (such that his BAC was over four times the legal limit), chose to drive with that alcohol in his system, and caused an automobile accident which left his victim with injuries severe enough that he was unable to work for a month. As noted, it is indeed fortunate that the results of Graves's offense were not considerably worse.

[14] The nature of the prior convictions on which the enhancement is based does not help Graves either. Graves was sentenced for Class D felony OWI in January of 2003 and Class A misdemeanor OWI in June of 2012. These prior convictions are not petty crimes committed far in the past being used to support a habitual-offender enhancement today; rather, they are of the same precise nature as the instant crime and at least one is relatively recent. In light of Graves's history of refusing to refrain from drinking and driving, there is nothing disproportionate about Graves's sentence in this case.

# Conclusion

In conclusion, we conclude that the trial court did not abuse its discretion in sentencing Graves. We further conclude that his sentence is not inappropriate. Finally, we conclude that Graves's sentence is proportional to the nature and gravity of his crime and the previous crimes upon which the enhancement is based.

We affirm the judgment of the trial court.

Bailey, J., and Brown, J., concur.