## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 10 2019, 10:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer L. Koethe
Navarre, Florida

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brandon Hill,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff,*

December 10, 2019

Court of Appeals Case No.
19A-CR-609

Appeal from the LaPorte Circuit
Court

The Honorable Thomas Alevizos,
Judge

Trial Court Cause No.
46C01-1806-F5-623

**Robb, Judge.**

# Case Summary and Issue

[1] Brandon Hill pleaded guilty to two counts of robbery, both Level 5 felonies, and was sentenced to an enhanced sentence of five years on each count to be served concurrently in the Indiana Department of Correction. Hill appeals his sentence, raising one issue for our review: whether the trial court abused its discretion in sentencing him. Concluding the trial court did not abuse its sentencing discretion, we affirm.

# Facts and Procedural History

[2] On March 19 and March 21, 2018, Hill stole money from two different individuals in LaPorte, Indiana. The State charged Hill with two counts of robbery by placing a person in fear, both Level 5 felonies.

[3] Hill and the State entered into a written plea agreement pursuant to which Hill agreed to plead guilty to both counts of robbery as charged and sentencing was left to the trial court's discretion. The trial court accepted the plea agreement and held a sentencing hearing on February 15, 2019. At the hearing, Hill stated in court:

> I want to apologize to the Court and to the State of Indiana for my actions. There is no excuse, you know. I came here with different intentions and different things pointed me in different routes. Like, I had a – I needed the support[.]
>
> Since I was 11-years-old I have been locked up, detained, incarcerated, held. . . . I did 10 years straight in the State of

Illinois and . . . [the State of Illinois doesn't] offer programs and rehabilitation.

Transcript, Volume II at 17-18. The trial court considered Hill's extensive criminal history, which includes prior convictions of robbery, and the closeness in time of his crimes as aggravating circumstances. As a mitigating circumstance, the trial court found the fact that Hill pleaded guilty. The trial court determined the aggravating circumstances outweighed the mitigating circumstance and sentenced Hill to an enhanced sentence of five years on each count to be served concurrently. Hill now appeals.

# Discussion and Decision

[4] Hill contends that the trial court abused its discretion in sentencing him. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). When a sentence is within the statutory range, it is subject to review only for abuse of discretion. *Id*. An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*.

[5] A trial court may abuse its sentencing discretion in a number of ways:

> (1) failing to enter a sentencing statement, (2) entering a sentencing statement that explains reasons for imposing the sentence but the record does not support the reasons, (3) the

sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or (4) the reasons given in the sentencing statement are improper as a matter of law.

*Phelps v. State*, 24 N.E.3d 525, 527 (Ind. Ct. App. 2015). Hill contends he expressed remorse and the trial court abused its discretion in omitting his remorse as a mitigating circumstance.

[6] The finding of a mitigating circumstance is discretionary and therefore, the trial court has no obligation to accept the defendant's argument as to what constitutes a mitigating circumstance or to give the weight to mitigating evidence that the defendant would. *Hunter v. State*, 72 N.E.3d 928, 935 (Ind. Ct. App. 2017), *trans. denied*. "An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record." *Anglemyer*, 868 N.E.2d at 493.

[7] Remorse has been recognized by our supreme court as a valid mitigating circumstance. *Hape v. State*, 903 N.E.2d 977, 1002 (Ind. Ct. App. 2009) (citing *Cotto v. State*, 829 N.E.2d 520, 526 (Ind. 2005)), *trans. denied*. But the trial court "possesses the ability to directly observe a defendant and can best determine whether a defendant's remorse is genuine." *Phelps v. State*, 969 N.E.2d 1009, 1020 (Ind. Ct. App. 2012), *trans. denied*. A trial court's assessment of a defendant's proclaimed remorse is similar to a determination of credibility. *Pickens v. State*, 767 N.E.2d 530, 535 (Ind. 2002). "Without evidence of some

impermissible consideration by the court, we accept its determination of credibility." *Id*. Therefore, "[s]ubstantial deference must be given to the trial court's evaluation of a defendant's remorse." *Phelps*, 969 N.E.2d at 1020.

[8]     Here, Hill robbed two people on two separate occasions. At his sentencing hearing, Hill apologized to the trial court and the State for his actions. There is, however, no indication that Hill expressed remorse to the *victims* for taking their property. In addition, the record shows, and the trial court and counsel discussed, that Hill committed a separate robbery within four weeks after he committed the robberies in this case. Hill's expression of remorse tends to demonstrate that he was remorseful for getting arrested rather than being truly regretful for committing robberies and the harm he caused. The State argues, and we agree, that although Hill apologized, he blamed his previous contact with the justice system and the lack of institutional support as the cause of his actions instead of taking true responsibility. Indeed, it was the trial court that heard Hill's apology and was in the best position to assess his credibility and proclaimed remorse. The trial court was well within its discretion to decide that Hill's remorse was not a significant factor. *See Haddock v. State*, 800 N.E.2d 242, 245 (Ind. Ct. App. 2003) (stating that a trial court has discretion to determine whether a circumstance is mitigating, and it is not required to explain why it does not find a circumstance to be mitigating). Giving deference to the trial court's assessment, we hold that it did not abuse its discretion in omitting remorse as a mitigating circumstance. *See Phelps*, 969 N.E.2d at 1020.

[9] Even if the trial court erred by not considering Hill's remorse to be a mitigating circumstance, the sentence may stand if we can "say with confidence that the trial court would have imposed the same sentence[.]" *Anglemyer*, 868 N.E.2d at 491. Here, the trial court found Hill's extensive criminal history and the closeness in time of his crimes warranted an enhanced sentence. Hill has not shown that the trial court would have imposed a different sentence had it considered his remorse. Therefore, our confidence in the sentence is not diminished.

[10] Hill also briefly argues that the trial court abused its discretion by giving insufficient weight to the fact that he pleaded guilty, pointing out that he saved the State the time and expense of trial. *See* Appellant's Brief at 9. We agree that Hill saved the State the time and expense of preparing for trial and we note he received no real benefit from the plea agreement. However, Hill cannot attack the weight the trial court assigned to a certain mitigating circumstance. *See Anglemyer*, 868 N.E.2d at 491 (noting that "a trial court cannot now be said to have abused its discretion in failing to 'properly weigh'" mitigating circumstances). Therefore, the trial court did not abuse its discretion in the weight it assigned to Hill's plea of guilty.[1]

---

[1] Hill references Indiana Appellate Rule 7(B) in his brief, but he does not present a cogent argument supported by reasoning under that rule. *See* Ind. Appellate Rule 46(A)(8)(a). Accordingly, to the extent Hill intended to argue his sentence was inappropriate, he has waived this issue for review. *See Foutch v. State*, 53 N.E.3d 577, 580 n.1 (Ind. Ct. App. 2016) (waiving a defendant's abuse of discretion sentencing argument where he failed to present a separate cogent argument on that issue).

# Conclusion

The trial court did not abuse its discretion in sentencing Hill. Accordingly, his sentence is affirmed.

Affirmed.

Mathias, J., and Pyle, J., concur.