## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 14 2017, 9:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeremy K. Nix
Huntington, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Paula S. Black, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 14, 2017 <br><br> Court of Appeals Case No. 35A02-1705-CR-1173 <br><br> Appeal from the Huntington Superior Court <br><br> The Honorable Jennifer E. Newton, Judge <br><br> Trial Court Cause No. 35D01-1610-F3-211 |

**Barnes, Judge.**

# Case Summary

Paula Black appeals her sentence for Level 3 felony dealing in a schedule II controlled substance and Level 4 felony dealing in a schedule II controlled substance. We reverse and remand.

# Issues

Black raises two issues, which we restate as:

    I.      whether the trial court abused its discretion when it sentenced her; and

    II.     whether her sentence is inappropriate.

# Facts

On December 21, 2015, and January 18, 2016, Black sold methyphenidate hydrochloride (Ritalin) in her home to a confidential informant. During the January 18th incident, a six-year-old child that lived with Black walked through the room during the transaction. Both transactions were videotaped. In October 2016, the State charged Black with Level 3 felony dealing in a schedule II controlled substance for dealing methylphenidate in the presence of a child and Level 4 felony dealing in a schedule II controlled substance for dealing methylphenidate. As a term of pre-trial release, Black was placed on house arrest through community corrections. On April 26, 2017, the State filed a petition to revoke Black's placement in community corrections because it alleged that she was absent from her home at an unauthorized time.

[4]     The State offered a plea agreement with a fixed sentence to Black, but she rejected the agreement and pled guilty as charged without a plea agreement so that the trial court could determine her sentence. The trial court sentenced Black to serve fourteen years with five years suspended to probation on the Level 3 felony conviction and eight years on the Level 4 felony conviction. The trial court ordered the sentenced to be served concurrently. Black now appeals.

## Analysis

### I. *Abuse of Discretion*

[5]     Black argues that the trial court abused its discretion when it sentenced her. Sentencing decisions are within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. However, a trial court may be found to have abused its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that explains reasons for imposing a sentence where the record does not support the reasons; (3) entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; and (4) entering a sentencing statement in which the reasons given are improper as a matter of law. *Id.* at 490-91. The reasons or omission of reasons given for choosing a sentence are reviewable on appeal for an abuse of discretion. *Id.* at 491. The weight given to those reasons, i.e. to particular aggravators or mitigators, is not subject to appellate review. *Id.*

[6]   Black argues that the trial court improperly failed to identify her guilty plea, remorse, and undue hardship upon a dependent as significant mitigating circumstances. A trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000). A claim that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493.

[7]   We first address whether the trial court abused its discretion by failing to consider Black's remorse as a mitigating factor. Our supreme court has held that a trial court's determination of a defendant's remorse is similar to a determination of credibility. *Pickens v. State*, 767 N.E.2d 530, 535 (Ind. 2002). Without evidence of some impermissible consideration by the trial court, we will accept its determination as to remorse. *See id.* Although Black expressed remorse during the sentencing hearing, it was within the trial court's discretion to determine the credibility of that remorse. Our review of the evidence does not demonstrate an impermissible consideration by the trial court, and we cannot say that the trial court abused its discretion with respect to Black's remorse as a mitigating factor.

[8]   Black also argues that the trial court should have considered undue hardship upon a dependent as a significant mitigating circumstance. The evidence showed that a six-year-old child had been living with Black since she was a toddler. The child's mother is incarcerated for selling drugs out of Black's home, and her father is a convicted sex offender. Black argues that she cared

for the child, but there was evidence presented at the sentencing hearing that Black's son, sister, and other friends often provided for the child and that the child often cared for herself. The trial court commented on the situation and noted that a six-year-old child "shouldn't be taking care of themselves." Tr. p. 105. Given this evidence, the trial court did not abuse its discretion when it did not consider undue hardship on a dependent as a mitigating circumstance.

[9] We next address whether the trial court abused its discretion by failing to identify her guilty plea as a mitigating circumstance. A guilty plea is not necessarily a mitigating factor where the defendant receives substantial benefit from the plea or where evidence against the defendant is so strong that the decision to plead guilty is merely pragmatic. *Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011), *trans. denied*. Here, Black's offenses were videotaped, and her guilty plea was merely pragmatic. The trial court did not abuse its discretion.[1]

## II. Inappropriate Sentence

[10] Black argues that her fourteen-year sentence is inappropriate under Indiana Appellate Rule 7(B). Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's

---

[1] Even if the trial court erred by failing to consider Black's guilty plea as a mitigator, when the trial court abuses its discretion in sentencing, "we have the option to remand to the trial court for a . . . new sentencing determination," or "we may exercise our authority to review and revise the sentence" under Indiana Appellate Rule 7(B). *Windhorst v. State*, 868 N.E.2d 504, 507 (Ind. 2007). We have determined in this case that Black's sentence is inappropriate, and we revise it under Indiana Appellate Rule 7(B).

decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. When considering whether a sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Still, we must give due consideration to that decision. *Id.* We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[11] The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[12] Black was convicted of a Level 3 felony and a Level 4 felony. The advisory sentence for a Level 3 felony is nine years with a sentencing range of three to sixteen years. The advisory sentence for a Level 4 felony is six years with a

sentencing range of two to twelve years. Here, the trial court sentenced Black to fourteen years with five years suspended to probation for the Level 3 felony concurrent with an eight-year sentence for the Level 4 felony. Black requests that we reduce her sentence.

[13] The nature of the offense is that, on two occasions, Black sold methyphenidate hydrochloride (Ritalin) in her home to a confidential informant. On one of the occasions, a six-year-old child that lived with Black walked through the room during the transaction.

[14] As for the character of the offender, forty-six-year-old Black has a minimal criminal history. As a juvenile, Black had adjudications for battery and minor in consumption of alcohol. As an adult, Black has several older misdemeanor convictions, including a 1989 conviction for battery, a 1991 conviction for theft, a 1991 conviction for conversion, and a 2006 conviction for false informing. Black pled guilty as charged in this case. While Black was on pre-trial home detention, she had a pass to be out of her home from 9:00 a.m. to 12:00 p.m. to attend the funeral of a family member. However, she violated her pre-trial detention because she was seen driving at 8:37 a.m. that morning. We also acknowledge the police officer's testimony at the sentencing hearing that the police department had been hearing rumors for years of Black dealing prescription drugs from her house. However, Black's sentence in this case cannot be based on mere rumors.

[15] We acknowledge that Black has severe health issues. After she was placed on home detention and others were not allowed to visit her home, she arranged for home health care assistance several days a week. She cannot cook, wash dishes, shop for groceries and requires assistance bathing herself and using the restroom. Prior to her arrest, Black's adult son, sisters, and friends cared for her. Six-year-old M.F. has lived with Black for the majority of M.F.'s life. She lived with Black because M.F.'s mother is incarcerated for dealing drugs in Black's home in front of M.F. in early December 2015 and her father is a sex offender.

[16] Although we cannot say the trial court abused its discretion by failing to find Black's proposed mitigating factors, given the circumstances here, including Black's guilty plea and relatively minor criminal history, we choose to exercise our authority to revise Black's sentence. Black had asked for the imposition of the nine-year advisory sentence, and we find that sentence appropriate here. We revise the sentence for Black's Level 3 felony conviction to the advisory sentence of nine years with four years suspended to probation. We revise the sentence for the Level 4 felony conviction to the advisory sentence of six years with one year suspended to probation. We order the sentences to be served

concurrently for an aggregate sentence of nine years with four years suspended to probation.[2]

## Conclusion

[17] We conclude that, although the trial court did not abuse its discretion when it sentenced Black, her fourteen-year sentence is inappropriate. Consequently, we revise the sentence to an aggregate sentence of nine years with four years suspended to probation. We reverse and remand.

[18] Reversed and remanded.

May, J., and Bradford, J., concur.

---

[2] We also note that the concurrent sentences imposed here were required by *Beno v. State*, 581 N.E.2d 922, 924 (Ind. 1991), which required concurrent sentences where the defendant was convicted of "virtually identical crimes separated by only four days" as part of a "police sting operation" for dealing drugs.